IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL S. GEISLER,

Plaintiff,

v.

SMALL BUSINESS ADMINISTRATION,
ISABELLA CASILLAS GUZMAN,

Defendants.

2:21-CV-01693-CCW

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are Plaintiff Michael Geisler's Motion for Declaratory and Injunctive Relief, *see* ECF No. 11,[1] and his Additional Motion for Preliminary Injunction. *See* ECF No. 27. Mr. Geisler's Motions will be denied because, under 15 U.S.C. § 634(b)(1), the Court lacks jurisdiction to award the sort of injunctive relief Mr. Geisler seeks.

## I.    Background

Mr. Geisler, an attorney proceeding *pro se* in this case, filed a Complaint seeking declaratory and injunctive relief related to his application for an increase to an Economic Impact Disaster Loan ("EIDL") he received from the Small Business Administration ("SBA"). *See* ECF No. 7. In short, Mr. Geisler received an EIDL in June 2020 and then applied for an increase in April 2021. *See id.* ¶¶ 12, 16. Mr. Geisler encountered some difficulty with submitting his application. *See id.* ¶¶ 16–21. The SBA denied Mr. Geisler's request for an increase to his EIDL in September 2021 because the Internal Revenue Service had not yet processed Mr. Geisler's 2019

---

[1] As indicated by its title, Mr. Geisler's first Motion sought declaratory judgment in addition to a preliminary injunction. *See* ECF No. 11. Construing the request for declaratory relief as a motion for judgment on the pleadings, the Court denied the Motion for declaratory judgment, without prejudice, as premature. *See* ECF No. 12.

tax return and was, therefore, unable to produce a transcript for Mr. Geisler's 2019 return.[2]  *See id.* ¶¶ 22–24.  In his second Motion and again in his Amended Complaint, Mr. Geisler adds allegations concerning Defendants' alleged failure to disclose an "administrative hold" placed on his EIDL account.  *See* ECF No. 27 ¶¶ 11–21;  ECF No. 34 ¶¶ 33–36, 40–43.  In any case, Mr. Geisler claims that he is eligible for the EIDL increase and is seeking an order requiring Defendants, among other things, to accept a signed copy of his 2019 tax return and an affidavit in lieu of the tax transcript and to reconsider his application for the EIDL increase.  *See, e.g.*, ECF No. 7 ¶ 26 and at 4.

As noted above, Mr. Geisler has filed two Motions for preliminary injunctive relief.  Mr. Geisler's original Motion seeks the following relief:  an order

1.  Determining that the Plaintiff has met the tax transcript requirement by the production of a signed copy of his 2019 Federal Income tax return and any signed affidavit or affirmation the SBA feels necessary to require under penalty of perjury.
2.  Directing that the SBA establish a dedicated loan officer with a contact number who can answer all inquiries including who has the power to approve or deny the loan increase.
3.  Directing that the SBA immediately review and reconsider Plaintiff's EIDL increase application within three (3) days, reviewable by this Court.

*Id.* at 4.  In his brief in support of his original Motion, Mr. Geisler also asks for an order directing the SBA to "set aside $400,000.00 now to fund the Plaintiff's EIDL loan increase, in case the funding runs out while this case is being decided."  ECF No. 14 at 8.  Mr. Geisler's second Motion

---

[2] According to uncontested evidence submitted by Defendants, Mr. Geisler in fact did not actually file his 2019 income tax return until at least July 30, 2021, months after he first tried to apply for an EIDL increase.  *See* ECF No. 17 at 7; ECF No. 17-1 ¶ 3.  Although the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), as originally enacted, required the SBA to "(1) approve an [EIDL] applicant based solely on the credit score of the applicant and shall not require an applicant to submit a tax return or a tax return transcript for such approval,"  Pub. L. 116-136 § 1110(d)(1) (March 27, 2020), and Mr. Geisler contends that "[n]o reasonable explanation has ever been given by the SBA for why they need a tax transcript," ECF No. 7 ¶ 35;  *see also* ECF No. 11 ¶ 35 (same), ECF No. 27 ¶ 27 (same), it is uncontested that the December 27, 2020, amendments to the CARES Act permit the SBA to "use information from the Department of the Treasury to confirm that…(A) an applicant is eligible to receive such a loan; or (B) the information contained in an application for such a loan is accurate" before granting EIDL applications.  15 U.S.C. § 9009(d)(2).

adds a request for a "determin[ation]" that "Plaintiff is to be compensated for any economic loss as a result of Defendant's actions" and a "determin[ation]" that "any administrative hold is to be released from Plaintiff's EIDL increase application." ECF No. 27 at 4. Finally, Mr. Geisler requests that the Court hold a hearing on his Motions. *See* ECF No. 24 at 9; ECF No. 27 at 4.

## II.    Discussion

A request for a preliminary injunction typically requires the Court to consider (1) the likelihood that the movant will succeed on the merits; (2) the risk of immediate, irreparable harm to the movant if an injunction does not issue; (3) the harm to the non-movant if an injunction does issue; and (4) whether the public interest weighs in favor of granting preliminary injunctive relief. *See Greater Phila. Chamber of Commerce v. City of Phila.*, 949 F.3d 116, 133 (3d Cir. 2020); *see also Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017), *as amended* (June 26, 2017) (citing *Del. River Port Auth v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)).

Here, however, the Court's analysis begins and ends at whether it has subject matter jurisdiction to award the kind of injunctive relief Mr. Geisler seeks. "'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" *Dep't of the Army v. Blue Fox*, 525 U.S. 255, 260 (1999) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). And, "a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." *Id.* at 261 (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996)).

Mr. Geisler contends that "[t]his Court has jurisdiction over [these] motion[s] under 28 U.S.C. § 1331, § 2201, and 5 U.S.C. § 702, because this case presents a substantial question of federal law, specifically the EIDL program. The Court also has jurisdiction under the Administrative Procedure Act." ECF No. 11 ¶ 4; ECF No. 27 ¶ 4. However, "[i]t is well-

established that the APA itself does not provide subject matter jurisdiction; rather, it provides a cause of action for a plaintiff who has properly asserted a federal question under 28 U.S.C. § 1331." *Brennan v. United States*, No. 4:20-cv-00505-KGB, 2020 U.S. Dist. LEXIS 123702, at \*9 (E.D. Ark. July 13, 2020) (citing *Califano v. Sanders*, 430 U.S. 99, 107 (1997)). And, importantly, the "basic presumption of judicial review," *Abbott Labs. v. Gardner*, 387 U.S. 136, 140 (1967), established under the APA may be rebutted where "statutes preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a); *see also Brennan*, 2020 U.S. Dist. LEXIS 123702, at \*9.

Jurisdiction over Mr. Geisler's claim arises under the Small Business Act, 15 U.S.C. § 631, *et seq.* Section 634(b)(1) of that statute, which provides that the SBA Administrator may "sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court," expressly bars injunctive relief: "but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property." 15 U.S.C. § 634(b)(1). Although there is a split among courts as to how completely Section 634(b)(1) bars injunctive relief, *see, e.g.*, *Springfield Hosp., Inc. v. Guzman, Nos. 20-3902, 20-3903*, 2022 U.S. App. LEXIS 6741, at \*17 n.16 (2d Cir. Mar. 16, 2022) (noting "our sister circuits are split on Section 634(b)(1)'s reach" and collecting cases), and the United States Court of Appeals for the Third Circuit does not appear to have addressed this particular issue, the Court need not decide the precise contours of Section 634(b)(1) here because the relief Mr. Geisler seeks runs afoul of even the narrowest construction of the statute. *See Ulstein Mar., Ltd. v. United States,* 833 F.2d 1052, 1057 (1st Cir. 1987) (narrowly construing Section 634(b)(1) such that "[t]he no-injunction language protects the agency from interference with its internal workings by judicial orders attaching agency funds, etc., but does not provide blanket immunity from every type of injunction.

In particular, it should not be interpreted as a bar to judicial review of agency actions that exceed agency authority where the remedies would not interfere with internal agency operations."). Indeed, *Ulstein* appears to be in the minority in concluding that injunctive relief against the SBA may be possible in some circumstances. *See Brennan*, 2020 U.S. Dist. LEXIS 123702, at *14–15 ("*Ulstein Maritime*, to the extent it purports to authorize federal district courts to award injunctive relief against the SBA, is against the clear weight of authority.") (collecting cases); *see also Palmer v. Weaver,* 512 F. Supp. 281, 285 (E.D. Pa. 1981) ("Federal courts have consistently held that this provision [Section 634(b)(1)] precludes the issuance of an injunction against the Administrator because the court has no subject matter jurisdiction and therefore no power to order such relief.").

Here, the preliminary injunctive relief sought by Mr. Geisler would clearly require the Court to issue an order interfering with the internal workings of the SBA—by, for example, requiring the SBA to establish a "dedicated loan officer with a contact number who can answer all inquiries including who has the power to approve or deny the loan increase" and "directing that the SBA immediately review and reconsider the Plaintiff's EIDL increase application within three (3) days, reviewable by this Court"—and attach agency funds. *See* ECF No. 14 at 8 (seeking order directing the SBA to "set aside $400,000.00 now to fund the Plaintiff's EIDL loan increase.").

Accordingly, even a narrow reading of Section 634(b)(1) bars the relief sought in Mr. Geisler's Motions. Finally, because Mr. Geisler cannot obtain the injunctive relief he seeks as a matter of law, the Court also concludes that a hearing on Mr. Geisler's Motions is neither necessary nor appropriate. *See Bradley v. Pittsburgh Bd. of Educ.,* 910 F.2d 1172, 1175–76 (3d Cir. 1990) ("Obviously, a hearing would not be necessary if the movant is proceeding on a legal theory which

cannot be sustained, because then there could be no showing of a likelihood of success on the merits.").

**III.    Conclusion**

For the foregoing reasons, Mr. Geisler's pending Motions for Preliminary Injunction, ECF Nos. 11 and 27, and his request for a hearing, are hereby DENIED.

IT IS SO ORDERED.

DATED this 4th day of April, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record