IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL S. GEISLER,<br><br>        Plaintiff,<br><br>    v.<br><br>SMALL BUSINESS ADMINISTRATION, ISABELLA CASILLAS GUZMAN, Administrator of the SMALL BUSINESS ADMINISTRATION,<br><br>        Defendants. | 2:21-CV-01693-CCW |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion to Dismiss the Amended Complaint filed by Defendants Small Business Administration ("SBA") and Isabella Casillas Guzman, Administrator of the SBA. *See* ECF No. 41. Defendants move for dismissal of Plaintiff Michael Geisler's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting that (1) the Court lacks subject matter jurisdiction; (2) the case is now moot; and (3) the Amended Complaint fails to state a claim. *See* ECF No. 42 at 1–2. Because the Court concludes that it lacks subject matter jurisdiction, Defendants' Motion will be GRANTED.

**I.   Background**

In his operative Amended Complaint, Mr. Geisler, an attorney proceeding *pro se* in this case, seeks declaratory and injunctive relief related to his application for an increase to an Economic Impact Disaster Loan ("EIDL") he received from the Small Business Administration ("SBA"). *See* ECF No. 34. In short, Mr. Geisler received an EIDL in June 2020. *See id.* ¶ 12. Mr. Geisler also applied for, and received, a loan through the Paycheck Protection Program. *See id.* ¶¶ 13, 14. In April 2020, Mr. Geisler applied for an increase to his EIDL. *See id.* ¶¶ 15–17.

Mr. Geisler encountered some difficulty with submitting his application for an increase to his EIDL. *See id.* ¶¶ 18–25. The SBA requested that Mr. Geisler provide "a 4506-T form to obtain the Plaintiff's 2019 Federal Income Tax transcript," which Mr. Geisler provided. *See id.* ¶ 21. However, the Internal Revenue Service had not yet processed Mr. Geisler's 2019 tax return and was, therefore, unable to produce a transcript for Mr. Geisler's 2019 return. *See id.* ¶ 26. The SBA denied Mr. Geisler's request for an increase to his EIDL in September 2021 because of "unverifiable information." *See id.* ¶ 22.

Mr. Geisler then applied for reconsideration of his EIDL increase application. *See id.* ¶ 30. According to the Amended Complaint, his request for reconsideration was put on hold due to this pending litigation, which Mr. Geisler initiated on November 19, 2021, and, furthermore, because "[t]he IRS transcript is still not available. And there is no way to determine if it ever will be available." *Id.* ¶¶ 31–32. Mr. Geisler further alleges that Defendants failed to disclose an "administrative hold" placed on his EIDL account in December 2020. *See id.* ¶¶ 33–36, 40–43.

Mr. Geisler contends that he is eligible for the EIDL increase, *see id.* ¶ 28, and is seeking an order requiring Defendants to:

1. Determine[e] that the Plaintiff has met the tax transcript requirement by the production of a signed copy of his 2019 Federal Income tax return and any signed affidavit or affirmation the SBA feels necessary to require under penalty of perjury.
2. Direct[] that the SBA establish a dedicated loan officer with a contact number who can answer all inquiries including who has the power to approve or deny the loan increase.
3. Direct[] that the SBA immediately review and reconsider Plaintiff's EIDL increase application within three (3) days, reviewable by this Court.
4. Direct[] that any administrative hold is to be released from Plaintiff's EIDL increase application.
5. Any other order or relief this Court deems necessary.

*Id.* at 5.

Earlier in this case, Mr. Geisler also filed a pair of motions seeking declaratory and injunctive relief. *See* ECF Nos. 11, 27. Those motions sought, in substance, the same relief Mr. Geisler requests in his Amended Complaint. *See* ECF No. 11 at 4; ECF No. 27 at 4. After the Court denied both motions, *see* ECF No. 36 at 5, the parties sought a brief stay because on or about April 9, 2022, Mr. Geisler provided the SBA with a copy of his federal tax transcript for 2019. *See* ECF No. 37 at 1. The Court granted the motion to stay, *see* ECF No. 38, to allow SBA "to review the additional documents Plaintiff submitted," ECF No. 37 at 1. According to documents submitted in support of Defendants' Motion to Dismiss, SBA again denied Mr. Geisler's request for an EIDL increase on May 2, 2022. *See* ECF Nos. 42-1, 42-2.

At the conclusion of the stay, the parties informed the Court that they were "unable to agree on a resolution of the case" and that "Plaintiff desires to seek to amend his Complaint again to add a claim for money damages." ECF No. 39. The Court then set deadlines for Mr. Geisler to file a motion for leave to further amend his complaint and for Defendants to respond. *See* ECF No. 40. Mr. Geisler never filed a motion for leave to amend, and Defendants ultimately moved to dismiss. *See* ECF No. 41. Mr. Geisler filed a one-page opposition, in which he does not address any of the legal issues raised by Defendants' Motion, but instead asserts that, because he filed for bankruptcy on May 17, 2022, "[a]ny claim against the SBA is now property of the bankruptcy estate under Section 541 of the Bankruptcy Code" and that "Section 362 of the Bankruptcy Code provides for a stay in this case." ECF No. 44 ¶¶ 4, 6–7. Defendants' Motion is fully briefed and ripe for disposition.

**II.     Standard of Review**

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial challenge contests subject matter jurisdiction without contesting the facts alleged in the complaint, whereas

3

a factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). "In sum, a facial attack 'contests the sufficiency of the pleadings' . . . 'whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Constitution Party*, 757 F.3d at 358 (citations omitted). Defendants' Motion, which argues, in relevant part, that the relief sought by Mr. Geisler is barred by the anti-injunction provision of the Small Business Act, 15 U.S.C. § 634(b)(1), presents a facial challenge to subject matter jurisdiction. *See* ECF No. 42 at 5, 8. As such, in ruling on Defendants' Motion, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Constitution Party*, 757 F.3d at 358 (quoting *In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012)).

### III. Discussion

Before turning to the merits of Defendants' Motion, the Court must first address Mr. Geisler's claim that this case should be stayed because of his ongoing bankruptcy case. *See* ECF No. 44. Under § 362(a) of the Bankruptcy Code, the automatic stay applies to

> the commencement or continuation . . . of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim *against the debtor* that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1) (emphasis added). According to the Third Circuit, "[a]lthough the scope of the automatic stay is broad, the clear language of section 362(a) indicates that it stays only proceedings *against* a 'debtor'—the term used by the statute itself." *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194 (3d Cir. 1991) (citation omitted); *see also Schachter v. Lini, Inc.*, CIVIL ACTION NO. 96-892, 1997 U.S. Dist. LEXIS 10075, at *2 (E.D. Pa. July 11, 1997) ("The

4

automatic stay, of course, applies only to claims *against* a bankruptcy petitioner and not claims *by* the debtor which could inure to the benefit of the bankruptcy estate.") (citing *Mar. Elec.*, 959 F.2d at 1204).  Defendants have not asserted any claim *against* Mr. Geisler in this case.  Accordingly, the automatic stay does not apply, and the Court may resolve Defendants' Motion.

In his Amended Complaint, Mr. Geisler asserts that the Court has subject matter jurisdiction "under 28 U.S.C. § 1331, § 2201, and 5 U.S.C. § 702, because this case presents a substantial question of federal law, specifically the EIDL program, and the Administrative Procedure Act."  ECF No. 34 ¶ 4.  In their Motion, Defendants argue that the Court lacks subject matter jurisdiction because the relief sought by Mr. Geisler is barred under 15 U.S.C. § 634(b)(1) (providing that "no . . . injunction, garnishment, or other similar process . . . shall be issued against the Administrator or his property.").  *See* ECF No. 42 at 8.  According to Defendants, "Courts have interpreted [§ 634(b)(1)] to be an absolute prohibition on injunctive relief, including in the context of the COVID relief programs" and that "[t]he Small Business Act's limited waiver of [sovereign] immunity means the Court cannot exercise jurisdiction over suits against the SBA for injunctive relief, including liens."  *Id.* at 8–9 (citations omitted).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *Dep't of the Army v. Blue Fox*, 525 U.S. 255, 260 (1999) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).  And "a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign."  *Id.* at 261 (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996)).  Furthermore, "[i]t is well-established that the APA itself does not provide subject matter jurisdiction;  rather, it provides a cause of action for a plaintiff who has properly asserted a federal question under 28 U.S.C. § 1331."  *Brennan v. United States*, No. 4:20-cv-00505-KGB, 2020 U.S. Dist. LEXIS 123702, at *9 (E.D. Ark. July 13, 2020) (citing *Califano v. Sanders*, 430 U.S. 99, 107

(1997)).  And, importantly, the "basic presumption of judicial review," *Abbott Labs. v. Gardner*, 387 U.S. 136, 140 (1967), established under the APA may be rebutted where "statutes preclude judicial review" or "agency action is committed to agency discretion by law," 5 U.S.C. § 701(a); *see also Brennan*, 2020 U.S. Dist. LEXIS 123702, at *9.

The Court has already considered the issue of subject matter jurisdiction in connection with Mr. Geisler's motions for preliminary injunction.  In its Memorandum Opinion and Order denying those motions, the Court found, in relevant part, as follows:

> Jurisdiction over Mr. Geisler's claim arises under the Small Business Act, 15 U.S.C. § 631, *et seq.*  Section 634(b)(1) of that statute, which provides that the SBA Administrator may "sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court," expressly bars injunctive relief: "but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property."  15 U.S.C. § 634(b)(1).  Although there is a split among courts as to how completely Section 634(b)(1) bars injunctive relief, *see, e.g.*, *Springfield Hosp., Inc. v. Guzman, Nos. 20-3902, 20-3903,* 2022 U.S. App. LEXIS 6741, at *17 n.16 (2d Cir. Mar. 16, 2022) (noting "our sister circuits are split on Section 634(b)(1)'s reach" and collecting cases), and the United States Court of Appeals for the Third Circuit does not appear to have addressed this particular issue, the Court need not decide the precise contours of Section 634(b)(1) here because the relief Mr. Geisler seeks runs afoul of even the narrowest construction of the statute.  *See Ulstein Mar., Ltd. v. United States,* 833 F.2d 1052, 1057 (1st Cir. 1987) (narrowly construing Section 634(b)(1) such that "[t]he no-injunction language protects the agency from interference with its internal workings by judicial orders attaching agency funds, etc., but does not provide blanket immunity from every type of injunction.  In particular, it should not be interpreted as a bar to judicial review of agency actions that exceed agency authority where the remedies would not interfere with internal agency operations.").  Indeed, *Ulstein* appears to be in the minority in concluding that injunctive relief against the SBA may be possible in some circumstances.  *See Brennan*, 2020 U.S. Dist. LEXIS 123702, at *14–15 ("*Ulstein Maritime*, to the extent it purports to authorize federal district courts to award injunctive relief against the SBA, is against the clear weight of authority.") (collecting cases);  *see also Palmer v. Weaver,* 512 F. Supp. 281, 285 (E.D. Pa. 1981) ("Federal courts have consistently held that this provision [Section 634(b)(1)] precludes the issuance of an injunction against the Administrator because the court has no subject matter jurisdiction and therefore no power to order such relief.").
> Here, the preliminary injunctive relief sought by Mr. Geisler would clearly require the Court to issue an order interfering with the internal workings of the SBA—by, for example, requiring the SBA to establish a "dedicated loan officer

6

> with a contact number who can answer all inquiries including who has the power to approve or deny the loan increase" and "directing that the SBA immediately review and reconsider the Plaintiff's EIDL increase application within three (3) days, reviewable by this Court"—and attach agency funds. *See* ECF No. 14 at 8 (seeking order directing the SBA to "set aside $400,000.00 now to fund the Plaintiff's EIDL loan increase.").
>
> Accordingly, even a narrow reading of Section 634(b)(1) bars the relief sought in Mr. Geisler's Motions.

ECF No. 36 at 4–5. As noted above, Mr. Geisler never moved to file a Second Amended Complaint to assert any claim for damages. And the only relief sought by his Amended Complaint, if awarded, would directly impinge upon the internal workings of the SBA. As such, the Court sees no reason to depart from its earlier ruling and concludes that it lacks subject matter jurisdiction in this case. Finally, because the Court lacks subject matter jurisdiction, we need not address Defendants' other arguments, related to whether (a) this case should be dismissed as moot and (b) the Amended Complaint fails to state a claim.

## IV. Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss the Amended Complaint is hereby GRANTED and Plaintiff Michael Geisler's Amended Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 2nd day of September, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record